UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 00-12452-RGS

JOHN DOE

v.

COMMONWEALTH OF MASSACHUSETTS, et al.

ORDER ON MOTIONS

August 14, 2013

STEARNS, D.J.

Plaintiff Iknaton-Rhajik Nzaddi ("Nzaddi"), appearing pro se, seeks to reopen this case, which was dismissed over ten years ago for failure to timely serve the defendants. See 12/04/01 Order of Dismissal, Docket No. 17. Since this case was closed in 2001, the Court heard nothing further from Nzaddi[1] until almost six years later when she requested a copy of the docket sheet. See 10/05/07 Letter, Docket No. 18. Over five years later, on August 8, 2013, Nzaddi filed the instant motions on behalf of herself and Charlene-Paige Fuller.[2] See Docket Nos. 19, 20.

Nzaddi seeks relief from the 2001 dismissal and explains that "she seeks to be allowed to redress an ongoing complaint, as she is an inmate diagnosed with a Gender Identity Disorder ('GID'); and, her condition has been ongoing since the genesis of being incarcerated, in 1999." See Docket No. 20. Although Nzaddi's one-page motion fails to reference any rules, she states that "the Court may find merit due to (excusable neglect) (failure to join necessary parties prior) & other (reasons justifying relief)." Id. With her motion for relief, she filed a motion seeking leave to

---

[1] In light of the allegation that Plaintiff has Gender Identity Disorder, the Court will refer to Nzaddi by feminine pronouns.

[2] The signature of Ms. Fuller is missing from both motions.

amend the complaint to add new parties.  See Docket No. 19.

Relief from judgment pursuant to Fed. R. Civ. P. 60(b) is "committed to the district court's sound discretion." Stonkus v. City of Brockton Sch. Dept. , 322 F.3d 97, 100 (1st Cir. 2003).  The rule provides several ground for relief from a judgment or order, including "excusable neglect," and "any other reason that justifies relief."    Fed. R. Civ. P. 60(b)(1), (6).  The First Circuit has characterized Rule 60(b) as "a vehicle for extraordinary relief" and held that motions brought pursuant to that rule should be granted "only under exceptional circumstances." Aguiar–Carrasquillo v. Agosto–Alicea, 445 F.3d 19, 27 (1st Cir. 2006) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)).  A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).

A motion under Rule 60(b) must be made within a reasonable time and for the reason of excusable neglect, the motion must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1) (timing).  Here, Nzaddi's request for relief from judgment due to excusable neglect is untimely as it is brought more than a year after the entry of judgment.

To the extent Nzaddi seeks relief pursuant to  Rule 60(b)(6), Nzaddi "must show extraordinary circumstances suggesting that the party is faultless in the delay." Blanchard v. Cortes–Molina, 453 F.3d 40, 44 (1st Cir.2006) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)) .  Additionally, relief from

judgment cannot be obtained under subsection (6) for any other reason justifying relief unless Nzaddi can demonstrate that "extraordinary circumstances" prevented timely appeal.  See Mitchell v. Hobbs, 951 F.2d 417 (1st Cir. 1991).

In the foregoing circumstances, Nzaddi has failed to bear her burden under Rule 60(b)(6) of demonstrating extraordinary circumstances, or her burden under Rule 60(c)(1) of demonstrating that she brought her motion within a reasonable time.  Nzaddi hasn't even attempted to demonstrate that no unfair prejudice will accrue to the defendants if her motion is allowed.  See Fisher, 589 F.3d at 512.  Even though the instant action was closed over ten years ago, the Court's records reveal that Nzaddi has since filed two new actions.  See Nzaddi v. Dep't of Corr., C.A. No. 12-10876-RGS (pending); and Nzaddi, et al. v. Brockelman, et al., 12-11548-RGS (closed Apr. 9, 2013).  With respect to her delay of over ten years in filing this motion, Nzaddi fails to submit evidence which would establish "exceptional circumstances here such as would justify the granting of extraordinary relief."  See Fisher, 589 F.3d at 514.

Based upon the foregoing, it is hereby ORDERED that Nzaddi's Motion for Relief (Docket No. 20) is DENIED and her motion to amend (Docket No. 19) is DENIED.

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE